#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : |  |
| : |  |
| : |  |
| **v.** : | **CRIMINAL NUMBER 19-215** |
| : |  |
| : |  |
| **ABRAHAM LOPEZ-ZURITA** : |  |

### DEFENDANT'S SENTENCING MEMORANDUM

Abraham Lopez-Zurita files this memorandum in aid of mitigation at sentencing. The Presentence Investigation Report prepared by United States Probation Officer Christopher L. Boyer concludes the advisory range is 0-6 months based on a total offense level 6, Criminal History Category I. Given the particular facts and circumstances of this case, the defense suggests that a sentence of time served[1] best fulfills the sentencing goals pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and the subsequent cases reaffirming its holding, and 18 U.S.C. §3553(a).

On March 22, 2019, Mr. Lopez-Zurita was arrested as he was reporting to court in connection with an unrelated matter. Following this detention, he was held in ICE custody at the York County Jail. On April 11, 2019, during his administrative detention, the United States Attorney's Office (USAO) for the Eastern District of Pennsylvania filed an indictment charging

---

[1] As of his scheduled sentencing date, Mr. Lopez-Zurita will have been in custody just over three months. All but one month of this time was served in federal custody. The defense is requesting a time served sentence to eliminate the administrative delays associated with sentencing calculation. The imposition of a time served sentence, as opposed to a numerical sentence, would still result in a guideline sentence. Furthermore, given the fact that Mr. Lopez-Zurita will serve additional time pending his deportation to Mexico, the imposition of a time-served sentence will ensure that he doesn't de facto serve a sentence in excess of the recommended guideline range.

him with one count of Illegal Reentry in violation of 8 U.S.C. §§ 1326(a).  As a result of the indictment, Mr. Lopez-Zurita was transferred to federal custody on April 12, 2019 and entered a guilty plea to the indictment on May 28, 2019.  Sentencing is scheduled for July 1, 2019.

      Mr. Lopez-Zurita was raised in poverty which is characteristic of his country.  His family, which consisted of his parents and five children, was large and his entire family worked hard to provide food and other necessities.  The strong work ethic and devotion to family which he learned as a child have served him well in adulthood which is what lead him to this country in the first place.

      Mr. Lopez-Zurita is the father of one child and has worked hard to provide for her and her mother.  He also has helped raised his girlfriend's child, who he views as his own.  Due to the scarcity of jobs and low wages in Mexico, he made the difficult decision to separate himself from them and come to this country to work.  Since coming to the United States, he has worked in landscaping and carpentry and he would send about a substantial portion of his income home to Mexico every month to help provide for his family.  The separation from his family, although difficult, was worth the hardship given the money he was able to send home to provide them with things he would have never been able to give them had he remained in Mexico.

      He has an extremely hard work ethic and has already developed a plan for himself upon returning to Mexico which includes seeking employment in the construction industry.  Mr. Lopez-Zurita understands that he should not have returned to the United States and is acutely aware of the potential for additional punishment in this and future cases.  A sentence of time served would not promote a lack of respect for the law as Mr. Lopez-Zurita has been incarcerated since March 2019 and will remain in custody until he is deported.

      The recommended sentence is squarely within the advisory guideline range, and while it

is not a numerical sentence, it is meant to account for the time he spent in custody in between the resolution of his local case and his transfer to federal custody.  This time period, from March 22, 2019 until April 12, 2019 may not all be credited towards his sentence by the Bureau of Prisons.  While the general policy provides for credit as of the acceptance of prosecution by the U.S. Attorney's Office, the imposition of a time served sentence eliminates the need for administrative calculation of time credits and eliminate the bureaucratic possibility that he does not receive credit for the initial month of custody.

Mr. Lopez-Zurita understands that he would be facing substantially higher penalties should be return, which he does not intend to do as a result of this prosecution.  Accordingly, Mr. Lopez-Zurita poses no threat to the public since he will be returned to immigration custody for deportation upon completion of his sentence.

The range of sentences statutorily available to the Court, including the advisory guidelines range, is listed in Part D of the PSR.  This range includes a sentence of incarceration of up to two years, not more than one year of supervised release, a fine of up to $250,000.  Section 5D1.1(c) discourages the Court from imposing a period of supervised release. It reads as follows: The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.  Moreover, the Third Circuit recently recognized the presumption against imposing supervised release in cases where the defendant is a deportable immigrant.  See United States v. Azcona-Polanco, 865 F.3d 148 (3d Cir. 2017).

This period of incarceration has impressed upon him that he cannot unlawfully return.  His family has fallen into complete destitution as a result of his arrest due to the loss of his much-needed income.  He has been unable to communicate with them while he is in custody

which has cause him a great deal of stress and depression. These realities have impressed upon him the fact that he should not return to this country. Based on the above reasons, the defense respectfully requests the Court impose a sentence of time served.

                                             Respectfully submitted,

                                             s/Maria A. Pedraza
                                             MARIA A. PEDRAZA
                                             Assistant Federal Defender

**CERTIFICATE OF SERVICE**

I, Maria A. Pedraza, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served a copy of the Defendant's Sentencing Memorandum by electronic notification and/or electronic mail, upon Jasmeet K. Ahuja, Assistant United States Attorney.

    /s/ Maria A. Pedraza
MARIA A. PEDRAZA
Assistant Federal Defender

DATE:    June 25, 2019