# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-215 |
|---|---|---|
| v. | : | |
| ABRAHAM LOPEZ-ZURITA | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

**I.     INTRODUCTION**

Defendant Abraham Lopez-Zurita unlawfully reentered the United States, despite having been previously deported back to Mexico four times over the past five years. In February 2019, Immigration and Customs Enforcement ("ICE") identified the defendant as being in the United States for a fifth time after he was arrested by the Philadelphia Police Department and his information was registered into a federal database. The defendant's numerous illegal reentries demonstrate his disregard for the laws of this country and warrant a sentence within the advisory Guidelines range of zero to six months' imprisonment.

**II.    PROCEDURAL BACKGROUND**

On April 11, 2019, a federal grand jury indicted the defendant on one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). On May 28, 2019, the defendant pled guilty to the sole count in the indictment. The sentencing hearing is scheduled for July 1, 2019 at 3:00 p.m.

**III.   LEGAL STANDARD**

The Third Circuit has set forth a three-step process that district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal quotation marks and citations omitted). In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion that courts employed before *Booker*. *See United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). The failure to properly calculate the advisory guideline range will rarely be harmless error. *See United States v. Langford*, 516 F.3d 205, 214-18 (3d Cir. 2008).

In determining the defendant's final sentence, this Court must also consider the pertinent sentencing considerations outlined in 18 U.S.C. § 3553(a). Indeed, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (internal quotation marks and citation omitted); *see also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking [sic] authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a

sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

## IV. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

The maximum sentence for a violation of 8 U.S.C. § 1326(a) is two years' imprisonment, a one-year period of supervised release, a $250,000 fine, and a $100 special assessment.

### B. Sentencing Guidelines Calculation

The government agrees with the U.S. Probation Office that the defendant's base offense level is 8 under U.S.S.G. § 2L1.2(a). PSR ¶ 19. This offense level is decreased by two levels as a result of the defendant's acceptance of responsibility under U.S.S.G. § 3E1.1(a), yielding a total offense level of 6. *Id*. ¶¶ 24-25.

### C. Criminal History Calculation

On September 27, 2003, police from Fort Wayne, Indiana arrested the defendant and charged him with Operating a Vehicle While Intoxicated ("OWI"). PSR ¶ 29. On September 29, 2003, he pled guilty in Allen Superior Court. *Id*. He did not, however, appear for sentencing, and a warrant—that is still active—was issued for his arrest. *Id*. Under U.S.S.G. § 4A1.1(c) and § 4A1.2(a)(4), this conviction results in one criminal history point. *Id*. Therefore, the defendant's criminal history category is I. *Id*. ¶ 31.

### D. Final Advisory Guideline Calculation

Given his total offense level of 6 and criminal history score of I, the defendant's advisory guideline range is zero to six months' imprisonment. PSR ¶ 50.

## V. ANALYSIS

A thorough consideration of the Section 3553(a) sentencing factors suggests that the Court should accept the advisory guideline range calculation as set forth above, review all other factors, and impose a sentence of zero to six months' incarceration.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that in the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (internal quotation marks and citation omitted). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Id.* at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

Beyond the Guidelines, this Court must consider the Section 3553(a) factors, including: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the Guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

This is a serious immigration offense committed by a defendant who has been previously removed from the United States four times. The defendant wholly disregarded the clear warnings he was given of the consequences of illegally reentering this country. Moreover, during his unlawful stints in the United States, local law enforcement arrested the defendant twice, with one of these arrests resulting in a conviction. PSR ¶¶ 29, 33. In light of the Section 3553(a) factors discussed below, the government respectfully requests a sentence of imprisonment within the advisory guideline range of zero to six months.

> **A.** **The nature and circumstances of the offense, and the defendant's history and characteristics**

The defendant is a native and citizen of Mexico; he is not, and never has been, a citizen or national of the United States. PSR ¶ 7. The defendant was previously removed four times from the United States to Mexico—on October 26, 2014, November 18, 2014, December 20, 2014, and February 19, 2015. *Id.* ¶¶ 7-11.

The defendant knew that he was prohibited from reentering the United States. Before each of his four prior removals, immigration officials served the defendant with written warnings indicating that he was prohibited from entering the United States without permission from the U.S. government. Yet the defendant deliberately chose to ignore these unequivocal admonitions and illegally reenter the United States time and time again. The defendant's disregard for this nation's laws, as evidenced by his repeated illegal reentries, warrants a within-Guidelines sentence.

The defendant most recently came to ICE's attention after the Philadelphia Police Department arrested him for driving under the influence of alcohol and possession of a

5

controlled substance in February 2019. PSR ¶ 33. The defendant was allegedly operating a vehicle after consuming alcohol, which rendered him incapable of safe driving. *Id*. He also allegedly possessed one gram of cocaine. *Id*.

The defendant was charged with two offenses: (1) Intentional Possession of a Controlled Substance by Person Not Registered, in violation of 35 Pa. C.S. § 780-113; and (2) Driving Under the Influence, in violation of 75 Pa.C.S.A. § 3802. He was then taken into immigration custody as a result of a positive biometric fingerprint match identifying him as an illegal alien. PSR ¶ n.2, 33. The charges currently remain pending.

**B.  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

The defendant is a serial Section 1326 violator who, while present in the United States, has been convicted of Operating a Vehicle While Intoxicated ("OWI") in 2003, the same offense for which he is currently charged with in Philadelphia in 2019. A within-Guidelines sentence would reflect the seriousness of his misconduct and promote respect for the immigration laws that the defendant has habitually flouted.

**C.  The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant**

In fashioning the appropriate sentence, both specific and general deterrence should be taken into account. As the Courts of Appeals have held before and after *Booker*, deterrence under Section 3553(a) is not limited to deterring the particular defendant. *See e.g.*, *United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006) (describing how Section 3553(a) "specifies that the court may consider the need for general deterrence and respect for the law"); *United States v. Glover*, 431 F.3d 744, 751 (11th Cir. 2005) (noting that pre-*Booker* and post-*Booker*, "the underlying goals of the statute and the Guidelines are retribution, general deterrence,

6

incapacitation, and rehabilitation") (internal quotation marks and citation omitted); *United States v. Yeaman*, 248 F.3d 223, 232 (3d Cir. 2001) (referring to Section 3553(a)'s goals of "general deterrence, specific deterrence, retribution, and rehabilitation").

A within-Guidelines sentence is necessary to deter this particular defendant from illegally reentering the country for the sixth time. The warnings the defendant received in connection with his four prior removals did nothing to dissuade him from once again turning a blind eye to this nation's immigration laws. A stronger message is needed to ensure that he does not attempt to illegally reenter the country once more.

There is also a strong need to afford general deterrence. Border security is critically important to national security, and this country spends significant resources to that end. Every violation of our borders by an individual like the defendant takes a toll on our country's resources and makes us more vulnerable to those who are watching and planning the same misconduct.

### D. The need to provide the defendant with educational or vocational training

There is no need to adjust the defendant's sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). The defendant will have the opportunity to take advantage of educational and vocational training provided by the Federal Bureau of Prisons while serving his term of incarceration.

### E. The Guidelines and policy statements issued by the Sentencing Commission

The Sentencing Commission seeks to promulgate Guidelines that assure just sentences for offenders convicted of federal crimes. Here, the applicable guideline range achieves the stated goals of the Sentencing Commission.

7

F.  **The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct**

The need to avoid sentencing disparities amongst similarly situated defendants likewise supports the imposition of a within-Guidelines sentence of incarceration.

G.  **The need to provide restitution to any victims of the offense**

Restitution is not an issue in this case. *See* 18 U.S.C. § 3553(a)(7); PSR ¶ 61.

VI. **CONCLUSION**

This conviction stems from the defendant's fifth illegal entry into the United States, demonstrating his flagrant lack of disrespect for this nation's laws. For the reasons set forth above, a sentence of imprisonment within the advisory guideline range of zero to six months is sufficient, but not greater than necessary, to address the Section 3553(a) factors.

    Respectfully submitted,

    WILLIAM M. McSWAIN
    United States Attorney


    */s/ Jasmeet K. Ahuja*
    JASMEET K. AHUJA
    Assistant United States Attorney

Dated: June 26, 2019

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the government's Sentencing Memorandum has been served by first class mail and electronic mail upon the following:

>Maria Antoinette Pedraza
>Federal Defender Association
>601 Walnut Street, Suite 540 West
>Philadelphia, PA 19106
>maria_pedraza@fd.org

>*/s/ Jasmeet K. Ahuja*
>JASMEET K. AHUJA
>Assistant United States Attorney

Dated: June 26, 2019